

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. S. B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, T e x a s

Dear Sir:          ATT'N:  Mr. Beverly Rust

                      Opinion No. O-2156
              Re: The allowance by the Commissioners'
                    Court of a claim for damages, result-
                    ing from the death of an employee of
                    the county in a fatal collision while
                    on his way to work for the county.

      We have carefully considered your letter of re-
cent date, requesting the opinion of this department,
touching the question stated by you as follows:

      "Whether or not a county can legally pay
    a claim filed by a person with the Commis-
    sioners' Court against the county for injuries
    resulting in the death of that person's son,
    or husband; the son, or husband, at the time
    of the automobile collision resulting in his
    death being an employee of the county and on
    his way to work, road work for the county."

      Presumably, the facts are such as involve the
death of an employee of the county in consequence of
the tortious or negligent acts of its agent or employees.

      The first proposition involved is whether the
county may be held liable therefor.  The following ex-
cerpt from the opinion in the case of BRYAN v. LIBERTY
COUNTY, 299 S.W. 303, 304, illustrates the uniform hold-
ing of the Texas Courts on this question:

      " * * * It has long been the law in Texas
    that a county is not liable in damages for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. S. B. Buchanan, Jr., page 2

personal injuries sustained by one in conse-
quence of the tortious or negligent acts of
its agents, servants, and employees, unless
such liability be created by statute, either
in express terms or by implication. HEIGEL
v. WICHITA COUNTY, 84 Tex. 392, 19 S.W. 562,
31 Am. St. Rep. 63; WALTON v. TRAVIS COUNTY,
5 Tex. Civ. App. 525, 24 S. W. 352; CRAUSE
v. HARRIS COUNTY, 18 Tex. Civ. App. 375, 44
S.W. 616; RILEY v. COLEMAN COUNTY (Tex. Civ.
App.) 191 S. W. 743; GERHART v. HARRIS COUN-
TY (Tex. Civ. App.) 244 S.W. 1103; HARRIS
COUNTY v. GERHART, 115 Tex. 449, 283 S.W. 139.
All these authorities sustain the counter
proposition advanced by defendant in error
here that a county is not liable in damages
for personal injuries negligently inflicted
by the county's agents, servants, and employees,
in the absence of a statute creating such
liability in express terms or by implication"

See, also, the cases of --

BRAISSAIRD v. WEBB COUNTY, 128, S.W. (2d) 475;
JONES COUNTY v. MOORE, 4 S. W. (2d) 289 (writ
refused);
ANGELINA COUNTY v. BOND, 16 S.W. (2d) 338;
BRAUN v. TRUSTEES, etc., 114 S.W. (2d) 947,
(writ refused);
11 TEX. JUR., p. 627, § 92.

Although the full factual background to your
request is not given, we know of no statute that might
conceivably create liability in such situation against
Val Verde County, either expressly or by necessary im-
plication.

The question then follows if the commission-
ers' court of Val Verde County may, notwithstanding,
legally allow and pay such claim if it desires to do so.
The various constitutional provisions bearing on this
proposition are summarized as follows in the case of
HOWARD v. HENDERSON COUNTY, 116 S.W. (2d) 479, 482,
(writ refused):

Hon. S. B. Buchanan, Jr., page 5

"The Constitution and statutory provisions each provide for limitation on the power and authority of counties, and municipal authorities of the state, to make grants of public moneys and binding contracts. Section 51, article 3 of our State Constitution, in part declares: 'The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatsoever'; and, Id., § 52, 'The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever.' And further, Id., § 53, declares: 'The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.'

"Giving effect to limitation on the Legislature to confer power on counties and municipal authorities, to grant public moneys to individuals, and to make contracts, the courts of this state have uniformly recognized that a commissioners' court cannot bind the county by ordering a claim to be paid, which is not made a charge against the county, or make a contract not within the limits of their power. The want of authority is jurisdictional; its action in so doing has no conclusive or binding effect, but, on the contrary, is void."

Accordingly, the court in the foregoing case

Hon. S. B. Buchanan, Jr., page 4

states the rule to be as follows at page 481 of the opinion:

> "* * * It is a settled rule of law in this state that, where a commissioners' court exceeds its power, attempts to allow and settle accounts not legally chargeable against the county, its acts are void and may be revoked at any time, or may be attacked collaterally in a court of general jurisdiction. JEFF DAVIS COUNTY v. DAVIS, Tex. Civ. App., 192 S.W. 291; CAMERON COUNTY v. FOX, Tex. Com. Appl, 2 S.W. (2d) 433; AUSTIN BROS v. PATTON, Tex. Civ. App., 245 S.W. 991."

Of course, the power of the commissioners' court, in the language of subdivision 10 of Article 2351, Revised Civil Statutes, to "audit and settle all accounts against the county and direct their payment" may be exercised only as to claims legally chargeable against the county.

See, also, the cases of -

HARDY v. LUBBOCK COUNTY, 89 S.W. (2d) 240;
POLK v. ROEBUCK, 184 S.W. 513;
McKINNEY v. ROBINSON, 84, Tex. 496, 19 S.W. 699;
11 TEX. JUR., p. 682, 130.

In this connection, we call your attention to Article 1928, Revised Civil Statutes of Texas, which provides in part:

> "The county judge shall, before entering upon the duties of his office, execute a bond payable to the treasurer of his county to be approved by the commissioners' court of his county, in a sum of not less than One Thousand nor more than Ten Thousand Dollars, the amount to be fixed by the commissioners' court, conditioned * * * that he will not vote or give his consent to pay out county funds except for lawful purposes."

Also, Article 2340, Revised Civil Statutes of Texas, which provides in part:

Hon. S. B. Buchanan, Jr., page 5

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, * * * Each commissioner shall execute a bond to be approved by the county judge in the sum of Three Thousand Dollars, payable to the county treasurer, conditioned * * * that he will not vote or give his consent to pay out county funds except for lawful purposes."

You are, therefore, respectfully advised that it is the opinion of this department that the commissioners' court may not legally pay the claim described in your communication.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob

APPROVED APR 4, 1940

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY CHAIRMAN